# United States Court of Appeals
# for the Fifth Circuit

——————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2024

Lyle W. Cayce
Clerk

No. 23-20219

——————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Enrique Ochoa,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-99-1

_____

Before Clement, Engelhardt, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Defendant-Appellant Arturo Enrique Ochoa, a federal inmate, appeals the district court's April 19, 2023 order denying his motion to seal the district court's October 6, 2022 order. Because the district court did not sufficiently explain its decision, as explained herein, we VACATE and REMAND.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20219

## I.

In 2011, Arturo Enrique Ochoa pleaded guilty, pursuant to a written plea agreement, to one count of production of child pornography and one count of distribution of child pornography. In July 2022, Ochoa filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He also filed a motion to seal all filings and records related to his motion, including the final order. In the alternative, he requested "that any judgment be published using only his initials or a surname, but not his full name." He argued that "revelation of his charges by his case [being] published [could] potentially place him in immediate physical danger." The Government filed, under seal, a response in opposition to the motion for compassionate release, and Ochoa filed a sealed reply.

In October 2022, the district court denied the motion for a sentence reduction and the motion to seal in a single order. *United States v. Ochoa*, No. CR H-11-0099-01, 2022 WL 5265150, at *1–6, 2022 U.S. Dist. LEXIS 183144 (S.D. Tex. Oct. 6, 2022) (unpublished). Explaining its decision to deny Ochoa's motion for sentence reduction, the district court primarily reasoned that the seriousness of his offenses weighed against granting the motion. *Id.* at *5–6. This discussion highlighted a number of the more reprehensible aspects of the offense conduct described in Ochoa's Pre-Sentence Investigation Report (PSR). In contrast, the order provides no reasons for denying Ochoa's request that the district court's ruling be sealed or, alternatively, include only his initials or surname, rather than his whole name.

Four months later, in February 2023, Ochoa filed a renewed motion to seal, again asking the district court to seal the October 2022 order denying his motion for a sentence reduction and to remove it from the LexisNexis electronic law library available to BOP inmates. In April 2023, the district court denied the motion in a one-sentence order stating:

2

No. 23-20219

> After carefully considering [Ochoa's motion, the Government's response, and Ochoa's reply], the Court concludes that Ochoa's Renewed Motion to Seal 10/06/22 Order should be and is hereby **DENIED**.

This appeal followed.

## II.

"The public 'has a common law right to inspect and copy judicial records.'" *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "This right 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (cleaned up)). The public's common law right of access, however, is not absolute. Rather, "the 'common law merely establishes a presumption of public access to judicial records.'" *Bradley*, 954 F.3d at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848). Access may be denied if court files have "become a vehicle for improper purposes." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010).

As recognized by the Supreme Court, "[e]very court has supervisory power over its own records and files[.]" *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978). Thus, "[t]he decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon*, 435 U.S. at 599); *see also Van Waeyenberghe*, 990 F.2d at 848.

"[T]he decision to seal or unseal records is to be analyzed on a case-by-case basis[.]" *Vantage Health Plan*, 913 F.3d at 450 (citing *Sealed Search*

3

No. 23-20219

*Warrants*, 868 F.3d at 390). In making this assessment, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848 (collecting cases). "The 'relevant facts and circumstances of the particular case' inform the factors that a court weighs on both sides." *Bradley*, 954 F.3d at 225 (quoting *Belo Broadcasting Corp. v. Clark*, 654 F.2d 432, 430 (5th Cir. 1981) (Unit A)). But, in any case, the court's power to seal records of judicial proceedings "must be used sparingly." *Holy Land*, 624 F.3d at 690; *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) ("[W]e heavily disfavor sealing information placed in the judicial record[.]").

"Appellate review of a motion to seal or unseal documents is for abuse of discretion." *June Med. Servs.*, 22 F.4th at 519 (quoting *Vantage Health Plan*, 913 F.3d at 450). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Id.* (quoting *Bradley*, 954 F.3d at 224 (citation omitted)). We also "have held that a district court abuses its discretion in sealing or unsealing documents when it fails to identify and apply the proper legal standard and when it fails to provide sufficient reasons for its decision to enable appellate review." *Id.* at 519 (citing *Sealed Search Warrants*, 868 F.3d at 396–97; *Van Waeyenberghe*, 990 F.2d at 848–49).

### III.

In support of his February 2023 renewed motion to seal, Ochoa asserted that multiple inmates at USP Tucson—the Bureau of Prisons facility where Ochoa has been housed—were victims of childhood sexual abuse, that BOP inmates frequently use the LexisNexis electronic law library to determine which offenses other inmates have committed, and that having the district court's October 6, 2022 order accessible (via LexisNexis) to other inmates would put Ochoa "in great risk of physical danger." Opposing the renewed motion to seal, the Government maintained that (1) Ochoa had not

No. 23-20219

reported any threats or incidents of violence beyond his speculation of a risk of harm and (2) the PSR (which is sealed) and the plea agreement (which is unsealed) contain similar information about Ochoa's offense conduct and have been available since May 2011. Thus, the Government contended, sealing the October 6, 2022 order would not prevent fellow inmates, or other members of the public, from learning information about Ochoa's offense, and granting the motion would invite "a floodgate of litigation by other inmates seeking similar speculative protection."

In reply, Ochoa, focusing on other BOP inmates, argued that they have only limited access to the LexisNexis law library and cannot access public press releases (via the internet) or PACER, where other publicly available documents related to his conviction can be found. Thus, according to Ochoa, BOP inmates' only source of factual information regarding his offenses was the October 6, 2022 order denying his motion for a sentence reduction. He also stressed that the October 2022 order, citing portions of his sealed PSR, graphically details certain aspects of his offense conduct that are not otherwise set forth in record documents available to members of the general public.

Responding to the Government's contention that the resulting risk of physical danger was only speculative, Ochoa alleged that one inmate had already verbally confronted him about his charges since the publication of the order on LexisNexis. And he argued that it defied logic to require him to be physically harmed before the order could be sealed.

### IV.

In a recent unpublished opinion, we held that the district court abused its discretion in denying the appellant's motion to seal. *Sealed Appellant v.*

No. 23-20219

*Sealed Appellee*, No. 22-40627, ECF 86-2, 6–7 (5th Cir. Aug. 3, 2023).[1] Specifically, we reasoned that the appellant's motion was based on his activities as a prison informant, that sealing records in such circumstances allows informants to operate, that informants provide a "net benefit to society," and that the appellant was therefore "exactly the type of person" who "possess[es] a compelling interest in secrecy." *Id.* at 7. Moreover, the appellant's safety concerns were "not merely hypothetical, as evidenced by the fact that he [had] had to be removed from the general population" at his prison. *Id.*

The present case does not present the same public policy interests related to prison informants that were at play in *Sealed Appellant*. *See also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (expressly listing protecting a confidential informant as a good reason for filing a document under seal). And, as the Government argues, Ochoa's circumstances are, in some respects, similar to those faced by other sex offenders who seek relief through direct appeal or other post-conviction motions.

On the other hand, protecting prisoners from inter-inmate violence is a valid and important consideration that distinguishes Ochoa's request from the purely personal, financial, and reputational interests asserted in many of our cases in which requests to seal court records have been denied. Ochoa maintains that BOP inmates, who are known to have been convicted of sex-related crimes involving children, face a substantial risk of being physically assaulted by inmates who have not been convicted of such crimes. Of course, the BOP bears primary responsibility for ensuring inmate safety, but it is not

---

[1] Unpublished decisions issued on or after January 1, 1996, are not precedent but may be persuasive authority. 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

No. 23-20219

evident, from the instant record, that the BOP has the ability to restrict inmate access to unsealed court orders (that otherwise are available to inmates via LexisNexis) without authorization from the issuing court.

Furthermore, Ochoa's risk level is at least somewhat exacerbated by the October 2022 opinion's emphasizing, with specificity, certain of the more deplorable aspects of the offense conduct described in in Ochoa's PSR. It appears, moreover, that Ochoa's increased risk of harassment and/or physical assault while in BOP custody is not entirely speculative. In the March 27, 2023 reply memorandum that Ochoa filed in the district court, he asserted that, as of that time, one inmate had already verbally confronted him, in January 2023, about his charges, *i.e.*, since the publication of the district court's October 2022 order on LexisNexis. [2]

_____

[2] Notably, Ochoa's appellate briefs also reference additional incidents *not* included in his district-court submissions. Specifically, he contends that other inmates, including Michael McCalla and Clinton DeWayne Smith, have been murdered at USP Tucson because they were sex offenders. *See Smith v. Shartle*, No. CV-18-00323-TUC-RCC, 2021 WL 842144, at *1 (D. Ariz. Mar. 5, 2021) (unpublished) (explaining that Smith was killed in his cell at USP Tucson by an inmate who had warned that he would kill any sex offender with whom he was housed). Ochoa additionally asserts that fellow inmates witnessed his January 2023 verbal confrontation and overheard other inmates referring to Ochoa as a "child molester" and discussing a plot to extort him. In his appellate reply brief, Ochoa also alleges that, in June 2023 (after the district court issued the April 2023 order denying his renewed motion to seal), he was placed in a special housing unit due to an "investigation for a threat assessment due to conflicts and threats of violence in prison between various inmates." Finally, by written correspondence received on or about May 13, 2024, Ochoa advised the Clerk of Court that he now is housed at the Federal Correctional Institution in Pekin, Illinois, which is a medium-security facility, whereas the United States Penitentiary in Tucson, Arizona, is a high-security facility. Whether that transfer occurred because of safety concerns, and its resulting impact, if any, on Ochoa's request for relief regarding the district court's October 2022 order, presently is unknown. Of course, "[a]n appellate court [generally] may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). In any event, the district court may consider these matters, as appropriate, on remand.

No. 23-20219

Ochoa also has reasonably asserted that the district court's order is likely the only source of information about his offense conduct that is readily available to his fellow inmates. Indeed, although, as the Government argues, many of the details regarding Ochoa's offense conduct discussed in the October 6, 2002 order also appear in the plea agreement, and various publicly available press releases, it is not clear that other inmates at BOP facilities would have direct access to such documents. Thus, if Ochoa is correct, though the relief that Ochoa seeks would not render it impossible for other inmates to obtain this information from other sources, *e.g.*, outside visitors, it seemingly would substantially reduce the likelihood of this information being disseminated to them.

Ochoa further emphasizes that, in addition to asking that the October 6, 2022 order be sealed, he also has requested reasonable alternative remedies—including modifying the district court's order through redaction and the replacement of his name with his initials—that would not completely deprive the general public of access to information about his offense conduct, noting that even if the district court's order is sealed or redacted, public access to Ochoa's plea agreement and the prior FBI press releases still would be available. Going a step further, Ochoa also has proposed removing the October 6, 2022 order from the LexisNexis system or, at a minimum, modifying the order (by replacing his name with his initials and removing other identifying information), solely for purposes of publication in the LexisNexis legal library system, in order to lessen the possibility that other inmates will obtain potentially inflammatory information that might incite them to harass and/or physically assault Ochoa.

Unfortunately, as noted, the district court provided no explanation for its decision to deny any of the relief sought in Ochoa's February 2023 renewed motion to seal. And, though we sometimes can glean the basis for a district court's decision from another document(s) in the record, that is not

possible here.  Nor, moreover, do the relevant considerations weigh so heavily against sealing the October 6, 2022 order—or granting one of the alternative forms of relief proposed in Ochoa's August 15, 2023 reply memorandum—that the rationale for the district court's denial of Ochoa's motion is both obvious and well-founded.[3]

Given these circumstances, the district court's failure to provide sufficient reasons to enable our review of its April 19, 2023 decision constitutes an abuse of discretion.  Accordingly, for the foregoing reasons, we VACATE the district court's April 19, 2023 order and REMAND for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that this opinion shall be SEALED pending further orders by this court.

Finally, if either party to this case files another appeal regarding the sealing or unsealing of any court records referencing Ochoa's convictions, sentences, and/or offense conduct, the appeal shall be assigned to this panel.

_____

[3] *See, e.g., Sealed Appellant*, ECF 22-40627, 89-2 (denying "motion to place restrictions in LexisNexis because LexisNexis, Westlaw, and Bloomberg have removed the sealed information from their databases").